[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16513
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cv-00264-SDM-EAJ

ESTATE OF KYLE THOMAS BRENNAN, etc.,

                                                      Plaintiff,

KENNAN G. DANDAR,
DANDAR & DANDAR, P.A.,

                                                      Plaintiffs-Appellants,

versus

CHURCH OF SCIENTOLOGY FLAG
SERVICE ORGANIZATION, INC.,
DENISE GENTILE,
a.k.a. Denise Miscavige Gentile,
GERALD GENTILE,
THOMAS BRENNAN,

                                                      Defendants-Appellees,

ROBERT E. BEACH,

                                                      Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 21, 2013)

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

This is the third appeal in this case, and this one involves only post-final-judgment motions.  Specifically, Appellant Kennan Dandar and his law firm, Dandar & Dandar, P.A. (collectively, "Dandar"), appeal from the district court's denial of their post-judgment motion for emergency injunctive relief and sanctions against Appellee Church of Scientology Flag Service Organization and related defendants (collectively, "Scientology").  In this post-judgment motion, Dandar sought, pursuant to the All Writs Act, 28 U.S.C. § 1651, (1) emergency injunctive relief related to state court proceedings in which he and Scientology were involved; and (2) sanctions against Scientology.  Dandar also appeals the district court's order denying his motion for reconsideration of the denial of that requested relief.  After review, we affirm.

## I.  TWO PRIOR APPEALS

Beginning in 2009, Dandar represented the estate of Kyle Brennan and filed this wrongful death suit in federal district court against Scientology and others

2

(hereinafter referred to as the federal <u>Brennan</u> case).  However, prior to this federal <u>Brennan</u> case, Dandar had entered into a settlement agreement in an earlier, unrelated wrongful death suit in Florida state court, in which Dandar agreed to no longer represent parties suing Scientology.  Accordingly, Dandar's representation of the Brennan estate appeared to violate that settlement agreement.  After the state court held Dandar in contempt for violating the settlement agreement, Dandar unsuccessfully attempted to withdraw from representing the Brennan estate in this federal case, an attempt that resulted in the federal district court issuing an injunction against the state court contempt proceedings.

In the first appeal, we reversed the district court's order imposing the injunction against the state court proceedings, <u>Estate of Brennan v. Church of Scientology Flag Serv. Org.</u>, 645 F.3d 1267, 1277 (11th Cir. 2011) ("<u>Brennan I</u>"), <u>cert. denied</u>, 132 S. Ct. 1557 (2012), and Dandar was eventually permitted to withdraw <u>nunc pro tunc</u> from representing the Brennan estate in further proceedings in the federal <u>Brennan</u> case.  The district court later granted summary judgment in favor of Scientology, and we affirmed in 2012.  <u>Estate of Brennan v. Church of Scientology Flag Serv. Org., Inc.</u>, 490 F. App'x 229, 230 (11th Cir. 2012).

The Florida state court contempt proceedings against Dandar continued, however.  As a result of orders entered in these state court proceedings, in

3

December 2012 Dandar filed a motion in the now-closed federal <u>Brennan</u> case for a new injunction and for sanctions against Scientology, pursuant to the All Writs Act, 28 U.S.C. § 1651.  The district court denied Dandar's motion, stating that (1) it did not retain any jurisdiction in the now-closed <u>Brennan</u> case, (2) no other basis for exercising jurisdiction existed, and (3) granting an injunction would also violate this Court's <u>Brennan I</u> decision, which held that the district court could not enter precisely the injunction against the state court proceedings that Dandar sought.  Dandar moved for reconsideration, which the district court denied.[1]

## II.  THIRD APPEAL

After review of the record and briefs, we find no reversible error in the district court's denial of Dandar's post-judgment motion for injunctive relief and sanctions against Scientology.  Additionally, because the district court properly denied Dandar's post-judgment motion and recognized that it was bound by our mandate not to enjoin the state court contempt proceedings, it did not abuse its discretion in denying Dandar's motion for reconsideration.[2]

---

[1]Whether a district court has subject matter jurisdiction to hear a matter is a question of law we review <u>de novo</u>.  <u>Holston Invs., Inc. B.V.I. v. Lanlogistics Corp.</u>, 677 F.3d 1068, 1070 (11th Cir. 2012). We review for abuse of discretion a district court's denial of a motion for reconsideration.  <u>Sanderlin v. Seminole Tribe of Fla.</u>, 243 F.3d 1282, 1285 (11th Cir. 2001).

[2]"Appellee's Designation of Additional Items to Be Included in Record on Appeal" and "Appellee's Motion to Include Within the Record Documents Previously Filed Under Seal," construed as motions to supplement the record on appeal, are DENIED AS MOOT.

Appellants' "Motion to File Out of Time Appellants' Response to Appellee's Motion for Damages for Frivolous Appeal" is GRANTED.  "Appellee's Motion for Damages for Frivolous Appeal" is DENIED.

**AFFIRMED.**